J-A18025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| MUHAMMAD UMAR CHEEMA | : IN THE SUPERIOR COURT OF |
| | :        PENNSYLVANIA |
|       Appellant | : |
| | : |
| | : |
|       v. | : |
| | : |
| | : |
| SAMINA UMAR CHEEMA | : No. 430 WDA 2026 |

Appeal from the Order Entered March 16, 2026
In the Court of Common Pleas of Allegheny County Family Court at
No(s):  FD-24-008984

BEFORE:  PANELLA, P.J.E., KING, J., and LANE, J.

JUDGMENT ORDER BY KING, J.:　　　　　　**FILED: August 5, 2026**

Appellant, Muhammad Umar Cheema ("Father"), appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which granted primary physical custody and sole legal custody of the parties' children to Appellee, Samina Umar Cheema ("Mother"), and granted supervised therapeutic visits to Father.  We dismiss the appeal.

The relevant facts and procedural history of this appeal are as follows. The parties have two children together.  The parties first separated in July 2024 after a domestic violence incident.  Thereafter, Father entered involuntary treatment, after which he was reunited with Mother and children. Father's condition and behavior worsened, and in September 2024, Mother and children left and entered a domestic violence shelter.  Mother filed a petition for a protection from abuse ("PFA") order in Armstrong County, and the court granted a final PFA order after a hearing on December 30, 2024.

This PFA directed Father to have no contact or custody of the children and remains in effect through December 30, 2027.

Meanwhile, on October 10, 2024, Father filed a complaint for custody, requesting sole custody of the children. On May 20, 2025, the court entered an interim custody order granting Father supervised visitation with the children.[1] Father presented a motion for special relief in June 2025, asking the court to reconsider the final PFA order and the May 20, 2025 interim custody order. The court denied the request.

The court conducted a one-day custody trial on January 29, 2026, during which both parties testified. The court issued a final custody order on March 12, 2026 (with Rule 236 notice sent to the parties on March 16, 2026), granting Mother primary physical custody and sole legal custody of Children; the court ordered Father to have supervised therapeutic visits with the children.[2] Father filed a timely appeal on March 19, 2026, and a concise statement of matters complained of on appeal on April 8, 2026.[3]

Preliminarily, we recognize:

---

[1] The PFA order was modified to permit Father to have supervised visits with the children.

[2] The court's March 12, 2026 memorandum accompanying its order details the court's findings under each of the relevant custody factors.

[3] Father failed to file his concise statement contemporaneously with his notice of appeal as required by Pa.R.A.P. 1925(a)(2)(i); however, we decline to dismiss the appeal on this basis. *See In re K.T.E.L.*, 983 A.2d 745 (Pa.Super. 2009) (declining to quash or dismiss appeal based on mother's failure to file concise statement concomitantly with notice of appeal; mother's filing of concise statement three days after notice of appeal did not prejudice parties).

> [A]ppellate briefs and reproduced records must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. 2101. This Court may quash or dismiss an appeal if the appellant fails to conform to the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.*** Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

***In re Ullman***, 995 A.2d 1207, 1211-12 (Pa.Super. 2010), *appeal denied*, 610 Pa. 600, 20 A.3d 489 (2011) (some internal citations omitted). ***See also*** Pa.R.A.P. 2114-2119 (addressing specific requirements for appellate briefs).

Instantly, Father's brief is completely inadequate as it lacks, *inter alia*, the necessary statement of jurisdiction, relevant scope and standard of review, statement of questions presented, summary of the argument, or any cogent argument section. ***See*** Pa.R.A.P. 2111(a) (discussing required content of appellate briefs). ***See also Smathers v. Smathers***, 670 A.2d 1159 (Pa.Super. 1996) (stating noncompliance with Rule 2116 is particularly grievous because statement of questions involved defines specific issues for review). Father merely recounts his version of the events leading up to this custody order, and he does not cite to legal authority to support his claims on appeal. ***See*** Pa.R.A.P. 2119(a) (stating argument shall be divided into as many parts as there are questions to be argued followed by such discussion and citation of authorities as are deemed pertinent). Further, to the extent Father attempts to appeal the separate PFA order, his current appeal lies only

from the custody order entered in Allegheny County, and not the PFA order entered in Armstrong County.  These substantial defects preclude meaningful review of this appeal.[4]  Thus, we dismiss this appeal.

Appeal dismissed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/5/2026

---

[4] On July 16, 2026, Father filed an application for relief titled "Visitation and Docket Sheet."  Therein, Father asks **this Court** to arrange visitation between Father and his children.  We reiterate that the trial court ordered therapeutic visitation between Father and children.  To the extent the visits have not taken place as ordered, we deny Father's request without prejudice to his right to seek enforcement of the court's custody order in the trial court.

Father also asks for a correction of the docket, where he claims the current appeal lies from the court's March 12, 2026 custody order, but the docket sheet indicates the order as entered on March 16, 2026.  Father is correct that the current appeal lies from the order entered March 12, 2026, however Pa.R.C.P. 236 notice was not sent to the parties until March 16, 2026.  Thus, the operative date is March 16, 2026, and we decline to change the docket.

To the extent Father's application requests additional relief, we deny it.

- 4 -